

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-30-2008

# Robert Husick v. Alghny Cty

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2142

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Robert Husick v. Alghny Cty" (2008). *2008 Decisions*. Paper 29.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/29

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2142
_____

ROBERT J. HUSICK,

Appellant

vs.

ALLEGHENY COUNTY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 07-cv-01175)
District Judge:  Honorable Nora B. Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 29, 2008
Before: Chief Judge SCIRICA, CHAGARES and WEIS, Circuit Judges
(Opinion filed: December 30, 2008 )
_____

OPINION
_____

PER CURIAM.

Robert Husick appeals from the order of the District Court granting

defendant's motion to dismiss his complaint.  For the reasons stated below, we will vacate

the District Court's dismissal order and remand for further proceedings.

1

On August 28, 2007, Husick, proceeding pro se, filed an action against Allegheny County alleging that discrimination on account of race, gender and age played a part in his termination from the Court of Common Pleas of Allegheny County where he had been employed for almost twenty-nine years. In an order entered on December 27, 2007, the District Court warned Husick that his complaint would be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m), for failure to make service within 120 days of the filing of the complaint, unless he could show good cause as to why service was not made within that period. In a response dated December 29, 2007 and filed on January 3, 2008 (after being improperly submitted directly to chambers), Husick informed the court that the complaint had been timely served on the defendant. He attached proof of service and also informed the court that he "wish[ed] to proceed with [his] case despite the fact [that he had] not been fortunate enough to retain services of an attorney." The court acknowledged Husick's response in an order entered on that same date and admonished him to comply with the Federal Rules of Civil Procedure, the Local Rules for the Western District of Pennsylvania, and the court's Orders, Policies and Procedures.

Counsel for defendant entered appearances the following month and submitted a motion to dismiss the complaint on February 20, 2008. In that motion, defendant argued that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) given Husick's failure to timely exhaust administrative remedies for his claims based on alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2

2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., by filing a timely complaint with the Equal Employment Opportunity Commission. Alternatively, defendant argued that Husick's failure to comply with Fed. R. Civ. P. 10(b) made it difficult to frame a responsive pleading and that he should be required to file an amended complaint in compliance with Rule 10(b). The District Court thereafter issued an Order on Motions Practice wherein it advised the parties of the filing requirements for both dispositive and non-dispositive motions. With respect to a response to a dispositive motion, the court instructed that such a response was to be filed within twenty (20) days. Husick, who claims to have been unaware of his obligation to file a substantive response, took no action and, in a two sentence order entered on March 17, 2008, the District Court granted defendant's motion to dismiss because of his failure to file an opposition to that motion. This timely appeal followed.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291. Our review of the order dismissing the complaint is plenary. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). Having carefully reviewed the record in this case, we conclude that the District Court's order is contrary to our decision in Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991). In Stackhouse, we made clear our disfavor of dismissals under Rule 12(b)(6) for purposes of sanctioning a litigant, and held that a Rule 12(b)(6) motion should not be granted without an analysis of the merits of the underlying complaint notwithstanding

3

local rules regarding the granting of unopposed motions. While we observed that "some cases" could be dismissed as unopposed, "particularly if the party is represented by an attorney" or if the party failed to comply with a court's orders, id. at 30, such is not the case here. There is no indication in the record that Husick is an experienced pro se litigator or that his position as a minute clerk gave him any particular litigation knowledge. Moreover, although the District Court issued a general order advising Husick of his need to comply with various rules, policies and procedures, we do not consider such an order to be a specific directive which Husick chose to ignore and which can be found sufficient to render the Stackhouse holding inapplicable. We further decline to consider the merits of Husick's complaint or the alternative justification offered by defendant in support of its motion to dismiss. Those issues "should in the first instance be considered substantively by the District Court," see id., especially since it appears that Husick wishes to advance an argument regarding equitable tolling. See, e.g., Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).

Accordingly, the order of the District Court will be vacated and this matter remanded for further proceedings.